UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIM CARTER MARTINEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZOOMINFO TECHNOLOGIES INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## I.  NATURE OF ACTION

1. Plaintiff Kim Carter Martinez ("Plaintiff") and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendant ZoomInfo Technologies Inc. ("Defendant" or "ZoomInfo") or the website it owns and operates, www.zoominfo.com. Plaintiff and the Class have never used zoominfo.com, nor did they provide their names, contact information, professional histories, likenesses, or any other personal information to ZoomInfo.

2. Plaintiff was seriously distressed to discover that ZoomInfo is using her name and personal information to advertise subscriptions to zoominfo.com.

COMPLAINT—CLASS ACTION - 1

3. Plaintiff and the Class did not consent to ZoomInfo using their names, contact information, job titles, work histories, and other personal information to promote ZoomInfo subscriptions. Nor did they consent to ZoomInfo selling access to their names, contact information, job titles, work histories, and other personal information as part of its subscription products.

4. ZoomInfo advertises subscriptions by publicly displaying teaser profiles of the Plaintiff and Class members showing their names, some contact information, and current job title and place of work. Some teaser profiles include photographs. ZoomInfo advertises that it possesses additional information about Plaintiff and Class members, including email addresses, job descriptions, the names and contact information of their colleagues, and an organizational chart showing their positions within the company hierarchy.

5. ZoomInfo advertises that if users obtain a subscription to zoominfo.com, they will receive "Full Access" to this additional information about the Plaintiff and Class members, as well as "Full Access" to profiles containing similar information about millions of other individuals.

6. ZoomInfo does not present Plaintiff's and Class members' profiles simply as "samples" advertising "Full Access" to a single profile. Rather, ZoomInfo uses Plaintiff's and Class members' names and personal information to advertise paid subscriptions to zoominfo.com.

7. A zoominfo.com subscription includes far more than access to the profile of the individual whose name and information ZoomInfo used to advertise the subscription. At a cost of $10,000 or more per year, a zoominfo.com subscription delivers "Full Access" to the names, contact information, work histories, and other personal information of millions of individuals. A zoominfo.com subscription also delivers a variety of other services, including: "ZoomInfo's intent engine" which "captures consumption patterns and buying signals across the web"; "Zoom Engage", which provides automated email and phone outreach; and "ZoomInfo

COMPLAINT—CLASS ACTION - 2

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Enrich", which supplements information the user may have about an individual with additional information from the ZoomInfo database.

8. ZoomInfo is the sole author, designer, and implementor of the advertisements and searchable database giving rise to this lawsuit. ZoomInfo does not host user-generated content on or in any part of the website relevant to this lawsuit. ZoomInfo is the sole curator, designer, and creator of the content described in this Complaint, including the teaser profiles representing Plaintiff and Class members it uses to advertise subscriptions, and the full profiles about Plaintiff and Class members it sells for profit.

9. Plaintiff's and Class members' names, personal information, photographs, likenesses, and personas have commercial value. This commercial value is demonstrated by the exploitation of their names, personal information, photographs, likenesses, and personas for commercial gain by ZoomInfo and ZoomInfo's competitors. ZoomInfo has acknowledged the commercial value of Plaintiff's and Class members' names and information in public statements to its investors. ZoomInfo has stated that "[t]he business contact information and other personal data we collect and process are an integral part of our products and services."[1]

10. ZoomInfo has acknowledged that it "relies heavily" on "the indexing of public-facing directory pages" – that is, the public teaser profiles containing Plaintiff's and Class members' names and personal information – "to generate a significant portion of the traffic to our website."[2]

11. Plaintiff does not know how ZoomInfo obtained her name, email address, phone number, place of work, names and contact information of her associates, workplace organization chart, and additional personal information. In its annual report, ZoomInfo states that it "receive(s) data from third-party vendors." ZoomInfo admits that it is "ultimately unable to verify with complete certainty the source of such data, how it was received, and that such

---

[1] ZoomInfo Technologies Inc. 2020 Annual Report, at *3, available at: https://ir.zoominfo.com/static-files/09a427b7-895f-43f4-8f58-a7d4dcef2e95
[2] *Id.*, at *16.

COMPLAINT—CLASS ACTION - 3

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

information was collected and is being shared with us in compliance with all applicable data privacy laws."[3]

12. ZoomInfo also collects names and personal information from its Community Edition. Subscribers to the Community Edition must install ZoomInfo software on their computers. The software automatically captures the names and contact information of every person the subscriber emails, receives an email from, or has emailed in the past.[4]

13. ZoomInfo misappropriated Plaintiff's and Class member's names, contact information, work histories, job titles, and other personal information without permission or consent from Plaintiff or the Class.

14. Consent is not all or nothing. Plaintiff and Class members may have shared their names, contact information, job descriptions and job titles with companies or individuals in a variety of contexts. For example, Plaintiff or Class members may have sent an email to a person they did not know subscribed to the ZoomInfo Community Edition, which automatically captures names and contact information without the sender's permission. Plaintiff or Class members may have consented to the posting of their names on the website of the company for which they work, or on a professional networking site.

15. Plaintiff and the Class did not consent to the commercial use of their names and personal information to promote subscriptions to a website with which they have no relationship, and which they have no interest in promoting.

16. Plaintiff and the Class did not consent to ZoomInfo selling access to their names and personal information as part of its subscription products.

17. California law recognizes the intellectual property and privacy rights of California citizens in controlling the use of their names, photographs, and likenesses for commercial purposes.

---

[3] *Id.*, at *10.
[4] *See id.*, at *15.

COMPLAINT—CLASS ACTION - 4

18.     By using Plaintiff's and Class members' names and personal information in advertisements for website subscriptions without consent, and by selling access to their names and personal information as part of its products, ZoomInfo has violated Plaintiff's and Class members' intellectual property and privacy rights. Plaintiff and the Class have the right not to have their names and personal information exploited to promote a product with which they have no relationship and no interest in supporting. Plaintiffs and the Class have an economic interest in their names and personal information, which ZoomInfo has stolen, and a privacy interest in their names and personal information, which ZoomInfo has violated.

19.     By these actions, ZoomInfo has violated the California Right of Publicity, codified in Cal. Civ. Code § 3344, and California common law prohibiting misappropriation of a name or likeness. Plaintiff and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through ZoomInfo's unlawful profiting from its exploitation of their names and personal information; and through harm to peace of mind. Plaintiff and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their personas, restitution of the value of their personas, an injunction prohibiting ZoomInfo's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## II.  JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative class are citizens of a state different from at least one defendant. Defendant ZoomInfo Technologies, Inc. is incorporated in Delaware and has its principal place of business in Vancouver, Washington. The Plaintiff and Class members are residents of California. (B) The proposed Class consists of at least 100 members. ZoomInfo advertises it has profiles of "125 million business professionals," all of which are used in the advertising techniques described in this Complaint

COMPLAINT—CLASS ACTION - 5

and sold as part of ZoomInfo's subscription products. While ZoomInfo does not publish statistics breaking down the number of profiles by state, a conservative estimate places the number of profiles of California residents in the millions. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for statutory damages equal to "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered," as well as "any profits from the unauthorized use." The statute also allows for punitive damages and the award of attorneys' fees and costs. Because ZoomInfo is using the names and personal information of millions of California residents to advertise its website, the amount in controversy is well over the jurisdictional limit.

21. This Court has general personal jurisdiction over ZoomInfo because its headquarters and principal place of business is in this state and district.

22. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

### III. PARTIES

23. Plaintiff Kim Carter Martinez is a citizen of California. Ms. Carter Martinez resides in Sacramento, California. Ms. Carter Martinez has never visited, used, or subscribed to the website zooominfo.com. ZoomInfo is in possession of Ms. Carter Martinez's name, email address, phone number, place of work, job title, job description, the organization chart of her workplace, and the names and contact information of her colleagues. ZoomInfo uses this personal information in a teaser profile about Ms. Carter Martinez to advertise subscriptions. ZoomInfo's teaser profile displays partially redacted versions of Ms. Carter Martinez's email address, job description, organization chart, and list of colleagues. ZoomInfo advertises that users with a subscription to ZoomInfo will "Get Full Access to Kim's Info."

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

24. Defendant ZoomInfo Technologies, Inc. is a Delaware corporation with its headquarter in Vancouver, Washington. Defendant owns and operates the website zoominfo.com.

### IV. FACTUAL ALLEGATIONS

25. Plaintiff Kim Carter Martinez has no relationship with ZoomInfo. She is not a subscriber and has never used zoominfo.com.

26. Ms. Carter Martinez did not give consent to ZoomInfo to use her name or personal information in any way. Had ZoomInfo requested her consent, Ms. Carter Martinez would not have provided it.

27. Ms. Carter Martinez highly values her personal privacy, and her ability to control and prevent the commercial use and distribution of her name and information without her consent.

COMPLAINT—CLASS ACTION - 7

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

28. ZoomInfo uses Ms. Carter Martinez's name, personal information, and persona in advertisements promoting website subscriptions. ZoomInfo maintains a teaser profile of personal information about Ms. Carter Martinez. The teaser profile accurately identifies her name, phone number, workplace address, partially redacted email address, job title, partially redacted job description, a list of her workplace colleagues, and an organization chart of her workplace. The teaser profile uniquely identifies Ms. Carter Martinez. A screenshot depicting part of the teaser profile about Ms. Carter Martinez is shown below. Incorporated in and around Ms. Carter Martinez's name and personal information are buttons encouraging the user to subscribe to ZoomInfo to "Get Full Access to Kim's Info" and "Get Email Address." Plaintiff's counsel have used image-editing software to obscure Ms. Carter Martinez's contact information and the names and photographs of her colleagues. In the original version that ZoomInfo displays on its website, this information is plainly visible:



COMPLAINT—CLASS ACTION - 8

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

29. When the user scrolls further down on Ms. Carter Martinez's teaser profile, ZoomInfo displays a redacted version of the organization chart for her workplace. The page promises "We have who you are looking for" and encourages the user to subscribe in order to "View Kim's Full Org-Chart" and gain access to the names, job titles, phone numbers, and emails of her work colleagues.



COMPLAINT—CLASS ACTION - 9

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

30. ZoomInfo provides a publicly accessible search bar with which users can search for Ms. Carter Martinez by name.



31. Users who search for Ms. Carter Martinez receive the teaser profile uniquely identifying Carter Ms. Carter Martinez by name, contact information, job title, job description, work address, workplace colleagues, and the organization chart for her workplace.

32. ZoomInfo also makes Ms. Carter Martinez's teaser profile publicly searchable on the internet via a search engine such as Google. Users who search for Ms. Carter Martinez's name and "zoominfo" receive Ms. Carter Martinez's teaser profile as the first search result:



COMPLAINT—CLASS ACTION - 10

33. ZoomInfo uses Ms. Carter Martinez's teaser profile to advertise two types of subscriptions to zoominfo.com. <u>First</u>, ZoomInfo uses Ms. Carter Martinez's name, personal information, and persona to advertise paid subscriptions to the enterprise version of zoominfo.com.

34. Users who click on the "Free Trial" button on Ms. Carter Martinez's teaser profile are brought to a page inviting them to "Sign Up" for a free trial providing "Access to the most comprehensive B2B intelligence on the planet." Users who sign up for a free trial are converted to paying subscriptions at a cost of $10,000 per year or more when the free trial expires.



TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com



35.     ZoomInfo advertises that a subscription to the enterprise version of zoominfo.com will deliver far more than just access to the full version of Ms. Carter Martinez's profile. An enterprise subscription delivers a variety of services, including: (1) the ability to search and access the full profiles of "125 million business professionals"; (2) ZoomInfo's intent engine" which "captures consumption patterns and buying signals across the web"; (3) "Zoom Engage", which provides automated email and phone outreach; and (4) "ZoomInfo Enrich", which supplements information the user may have about an individual with additional information from the ZoomInfo database.

36.     <u>Second</u>, ZoomInfo also uses Ms. Carter Martinez's name, personal information, and persona to advertise subscriptions to the "Community Edition" version of zoominfo.com.

COMPLAINT—CLASS ACTION - 12

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

37. Users who see click on the buttons on Ms. Carter Martinez's teaser profile marked "Get Full Access to Kim's Info," "Get Email Address," "Export," or "Sign Up" receive a pop-up message prompting the user to subscribe to the "ZoomInfo Community Edition." Users who subscribe to the Community Edition receive access to Ms. Carter Martinez's full profile, in addition to the full profiles of millions of other individuals. In exchange, users must download and install the "ZoomInfo Community App," which "involves sharing my business contacts as well as the headers and signature blocks from emails I receive."

COMPLAINT—CLASS ACTION - 13

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

38. Once users have subscribed to the Community Edition, ZoomInfo works to convert the users to paying subscribers of the enterprise edition. ZoomInfo's "go-to-market efforts are intended to identify and attract prospective customers and convert them into paying customers, including the conversion of users of our Community Edition product to paying customers."[5]

39. ZoomInfo's sole purpose in using Ms. Carter Martinez's name, personal information, and persona on its website is to solicit subscriptions to zoominfo.com.

40. Ms. Carter Martinez does not know how ZoomInfo obtained her name, contact information, job title, job description, workplace colleagues, workplace address, or organizational chart. Nor does she know how ZoomInfo obtained any of the additional information it purports to possess in its full profile of Ms. Carter Martinez.

41. ZoomInfo misappropriated Ms. Carter Martinez's name and personal information without permission from Ms. Carter Martinez.

42. Ms. Carter Martinez has intellectual property and privacy interests in her name and persona recognized by California statutory and common law. She has the right to exclude anyone from making commercial use of her name and persona without her permission.

43. ZoomInfo has injured Ms. Carter Martinez by taking her intellectual property without compensation; by invading her privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of her personal information.

44. ZoomInfo's illegal actions caused Ms. Carter Martinez mental injury and disturbed her peace of mind. Ms. Carter Martinez is deeply uncomfortable in the knowledge that ZoomInfo is using her name and persona in advertisements for a product with which she has no relationship and which she has no desire to promote. Ms. Carter Martinez believes her name and persona is rightly hers to control. ZoomInfo's illegal use has left her worried and

---

[5] *Supra* n. 1, at *14.

COMPLAINT—CLASS ACTION - 14

uncertain about her inability to control how her name and persona is used. Ms. Carter Martinez feels that ZoomInfo's use of her name and persona is an alarming invasion of her privacy.

## V. CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). Plaintiff seeks to represent a class of all California residents who are not subscribers of zoominfo.com and whose names and personal information ZoomInfo incorporated in teaser profiles it uses to promote its products.

46. Excluded from the proposed class are: Plaintiff's counsel; ZoomInfo, its officers and directors, counsel, successors, and assigns; any entity in which ZoomInfo has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

47. The members of the proposed class are so numerous that joinder of individual claims is impracticable. ZoomInfo advertises that it has profiles for "125 million business professionals." The number of profiles corresponding to California residents is likely in the millions.

48. There are significant questions of fact and law common to the members of the class. These include:

    a. Whether ZoomInfo's misappropriation of names, photographs, and personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the knowing use without consent of another's name, photograph, or likeness on or in products or for purposes of advertising products within the meaning of Cal. Civ. Code § 3344;

    b. Whether ZoomInfo solicited and obtained prior consent from Plaintiff and the Class prior to using their names, likenesses, photographs, and personas in advertisements promoting its website, as required by Cal. Civ. Code § 3344;

    c. Whether ZoomInfo use of Plaintiff's and Class members' names and personal information in advertisements and as part of their subscription products falls

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

      within the exceptions for "use in connection with any news, public affairs, or sports broadcast or account, or any political campaign" within the meaning of Cal. Civ. Code § 3344;

  d.  The amount of ZoomInfo's "profits from the unauthorized use" of Plaintiff's and Class members' names and personal information;

  e.  Whether ZoomInfo's conduct described in this Complaint violates California common law prohibiting misappropriation of a name or likeness;

  f.  Whether Plaintiff and Class members are entitled to the injunctive, declaratory, monetary, punitive, and other relief requested in this Complaint.

49. Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by ZoomInfo's misappropriation and misuse of their identifies, names, likenesses, personas, and other personal information in advertisements promoting mylife.com. ZoomInfo presents its advertisements in the same way for each Class member.

50. The proposed class representative will fairly and adequately represent the proposed Class. The class representative's claims are co-extensive with those of the rest of the Class. Plaintiff is represented by qualified counsel experienced in class action litigation of this nature.

51. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning ZoomInfo's common actions towards an entire group. Class action

COMPLAINT—CLASS ACTION - 16

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

52. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. ZoomInfo has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

53. The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

## FIRST CAUSE OF ACTION
### Violation of California's Right of Publicity Statute
**(Cal. Civ. Code. § 3344)**

54. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

55. California's right of publicity statute prohibits the "knowing[] use[] of another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." Cal. Civ. Code § 3344.

56. By engaging in the forgoing acts and omissions, ZoomInfo used Plaintiff's and Class members' names, likenesses, photographs, and personas for commercial purposes without consent. Plaintiff's and Class members' names and personal information have commercial value as demonstrated by ZoomInfo's use; ZoomInfo's public statements; and similar use by ZoomInfo's competitors.

57. Each use of a Class members' name and personal information is a separate and distinct violation of Cal. Civ. Code § 3344.

COMPLAINT—CLASS ACTION - 17

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

58. Cal. Civ. Code § 3344 provides that a person who violates the statute is liable "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages," in addition to "any profits from the unauthorized use." The statute also provides for "[p]unitive damages" and "attorney's fees and costs."

59. As a result of ZoomInfo's violation of Cal. Civ. Code § 3344, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class members have been denied the economic value of their names, likenesses, and personas, which ZoomInfo misappropriated without compensation to Plaintiff and the Class. Plaintiff and the Class members were denied their statutorily protected right to refuse consent and protect their privacy and the economic value of their names, likenesses, and personas. Plaintiff and the Class members suffered emotional disturbance from the misappropriation and misuse of their names and personal information.

60. Plaintiff on behalf of the Class seeks: actual damages, including ZoomInfo's profits from its misuse; statutory damages; compensatory damages for the royalties ZoomInfo failed to pay; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting ZoomInfo's illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION
**Violation of California Common Law Tort – Misappropriation of Name and Likeness**

61. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62. California common law recognizes the tort of "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 416 (Cal. Ct. App. 1983).

63. By engaging in the forgoing acts and omissions, ZoomInfo (1) used the identities of Plaintiffs and the Class in advertisements for subscriptions and as part of its subscription products; (2) appropriated Plaintiff's and Class members' names and likenesses to ZoomInfo's commercial advantage; (3) failed to obtain Plaintiff's and Class members' consent;

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

and (4) injured Plaintiff's and Class members' by causing harm both economic and emotional. *See Eastwood*, at 417.

64. Plaintiff on behalf of the Class seeks monetary recovery in the amount of the commercial advantage ZoomInfo's derived from its misuse, compensatory damages for ZoomInfo's failure to pay royalties owed, and the entry of an injunction prohibiting ZoomInfo's tortious acts.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

B. For a declaration that ZoomInfo's acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on protected privacy and intellectual property rights, in violation of California law;

C. For nominal damages awarded in recognition of ZoomInfo's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

D. For preliminary and permanent injunctive relief enjoining and preventing ZoomInfo from continuing to operate its zoominfo.com website without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

E. For an order enjoining ZoomInfo from continuing the unlawful and unfair conduct described in this complaint;

F. For restitution for Plaintiff and members the class for the value that Defendants derived from misappropriating their names, likenesses, photographs, and personas;

G. For an award of damages, including without limitation damages for actual harm, profits earned by ZoomInfo in using misappropriated names and identities to sell subscriptions,

COMPLAINT—CLASS ACTION - 19

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1 reasonable royalties for the infringement of Plaintiff and Class members' intellectual property rights; and statutory damages;

    H.    For an award of reasonable attorneys' fees and costs incurred by Plaintiff and the Class members; and

    I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 30th day of September, 2021.

    TURKE & STRAUSS LLP

    By: /s/ Samuel J. Strauss, WSBA #46971
    Samuel J. Strauss, WSBA #46971
    Email: sam@turkestrauss.com
    613 Williamson St., Suite 201
    Madison, Wisconsin 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 20

TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com