THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

KIM CARTER MARTINEZ, on behalf of herself and all others similarly situated,

     Plaintiff,

vs.

ZOOMINFO TECHNOLOGIES INC., a Delaware corporation

     Defendant.

Case No. 3:21-cv-05725-MJP

**ZOOMINFO TECHNOLOGIES INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12 AND MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**

NOTE ON MOTION CALENDAR:

January 24, 2022

ORAL ARGUMENT REQUESTED

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16 (3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

# TABLE OF CONTENTS

**Page**

I.     PLAINTIFF CANNOT ALLEGE A COGNIZABLE INJURY ...........................................1

II.    THE PUBLIC INTEREST EXCEPTION APPLIES........................................................6

III.   PLAINTIFF FAILED TO PLEAD ENTITLEMENT TO STATUTORY DAMAGES........................................................................................................................7

IV.    ZOOMINFO'S ANTI-SLAPP MOTION SHOULD BE GRANTED...............................9

Reply ISO Mot. to Dismiss Pursuant to frcp 12 and Mot. to Strike Pursuant to Cal. Code Civ. P. 425.16 (3:21-cv-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

i

1

## <u>TABLE OF AUTHORITIES</u>

2
<b>Page</b>

3

### <u>Cases</u>

4

5

*Abdul-Jabbar v. General Motors Corporation*,
 85 F.3d 407 (9th Cir. 1996) ................................................................................ 7

6

*Blackburn v. ABC Legal Servs., Inc.*,
7
 2011 WL 8609453 (N.D. Cal. June 16, 2011) .................................................. 11

8

*Blanchard v. DIRECTV, Inc.*,
 123 Cal. App. 4th 903 (2004) ......................................................................... 11

9

*Bonilla v. Ancestry.com*,
10
 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021) ...................................................... 3

11

*Callahan v. Ancestry.com Inc.*,
 2021 WL 2433893 (N.D. Cal. June 15, 2021) ............................................. 1, 2, 4

12

*Callahan v. PeopleConnect*,
13
 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) ........................................ 3, 4, 8, 10

14

*Callahan v. Ancestry.com Inc.*,
 2021 WL 783524 (N.D. Cal. Mar. 1, 2021) ...................................................... 4

15

*Cohen v. Facebook, Inc.*,
16
 798 F. Supp. 2d 1090 (N.D. Cal. 2011) ...................................................... 1, 4, 8

17

*Comedy III Prods., Inc. v. Gary Saderup, Inc.*,
 25 Cal. 4th 387 (2001) ..................................................................................... 1

18

*Davis v. Facebook, Inc.*,
19
 956 F.3d 589 (9th Cir. 2020) ............................................................................ 4

20

*Del Amo v. Baccash*,
 2008 WL 4414514 (C.D. Cal. Sept. 16, 2008) .................................................. 9

21

*Downing v. Abercrombie & Fitch*,
22
 265 F.3d 994 (9th Cir. 2001) ............................................................................ 7

23

*Dziubla v. Piazza*,
 59 Cal. App. 5th 140 (2020) ............................................................................ 10

24

*ETW Corp. v. Jireh Publishing, Inc.*,
25
 332 F.3d 915 (6th Cir. 2003) ............................................................................ 1

26

*FilmOn.com Inc. v. DoubleVerify Inc.*,
 7 Cal. 5th 133 (2019) ...................................................................................... 10

27

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND
MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

ii

*Fraley v. Facebook, Inc.*,
   830 F. Supp. 2d 785 (N.D. Cal. 2011) ............................................................ 2, 4, 6, 7, 8, 9

*Gabiola v. Sarid*,
   2017 WL 4264000 (N.D. Ill. Sept. 26, 2017) ............................................................ 7

*Grenier v. Taylor*,
   234 Cal. App. 4th 471 (2015) ............................................................ 9

*In re Facebook, Inc., Consumer Privacy User Profile Litig.*,
   402 F. Supp. 3d 767 (N.D. Cal. 2019) ............................................................ 4

*In re Google, Inc. Privacy Policy Litig.*,
   2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) ............................................................ 4

*Knapke v. PeopleConnect Inc.*,
   2021 WL 3510350 (W.D. Wash. Aug. 10, 2021) ............................................................ 8

*KNB Enterprises v. Matthews*,
   78 Cal. App. 4th 362 (2000) ............................................................ 9

*Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*,
   37 Cal. App. 4th 855, 44 Cal. Rptr. 2d 46 (1995) ............................................................ 12

*Makaeff v. Trump Univ., LLC*,
   715 F.3d 254 (9th Cir. 2013) ............................................................ 10

*Midler v. Ford Motor Co.*,
   849 F.2d 460 (9th Cir. 1988) ............................................................ 1

*Miller v. Collectors Universe, Inc.*,
   159 Cal. App. 4th 988 (2008) ............................................................ 7, 8, 9

*Montana v. San Jose Mercury News, Inc.*,
   34 Cal. App. 4th 790 (1995) ............................................................ 6

*Moore v. Regents of University of California*,
   51 Cal. 3d 120 (1990) ............................................................ 2

*Motschenbacher v. R. J. Reynolds Tobacco Co.*,
   498 F.2d 821 (9th Cir. 1974) ............................................................ 2

*Namath v. Sports Illustrated*,
   363 N.Y.S.2d 276 (Sup. Ct.) ............................................................ 7

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ............................................................ 3

*Nygard, Inc. v. Uusi-Kerttula*,
   159 Cal. App. 4th 1027 (2008) ............................................................ 9

*Orthopedic Sys., Inc. v. Schlein*,
   202 Cal. App. 4th 529 (2012) ............................................................ 2

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND
MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

iii

*Perfect 10, Inc. v. CCBill, LLC,*
 340 F. Supp. 2d 1077 (C.D. Cal. 2004) ............................................................. 1

*Perfect 10, Inc. v. Talisman Commc'ns Inc.,*
 2000 WL 364813 (C.D. Cal. Mar. 27, 2000) ...................................................... 9

*Perkins v. Linkedin Corp.,*
 53 F. Supp. 3d 1190 (N.D. Cal. 2014) ........................................................... 2, 8

*Rudisill v. California Coastal Com.,*
 35 Cal. App. 5th 1062 (2019) ......................................................................... 12

*Ruiz v. Harbor View Cmty. Ass'n,*
 134 Cal. App. 4th 1456 (2005) ......................................................................... 9

*Sessa v. Ancestry.com Operations Inc.,*
 2021 WL 4245359 (D. Nev. Sept. 16, 2021) ........................................... 3, 10, 12

*Shulman v. Grp. W Prods., Inc.,*
 18 Cal. 4th 200 (1998) ..................................................................................... 7

*Silha v. ACT, Inc.,*
 807 F.3d 169 (7th Cir. 2015) ............................................................................ 4

*Simpson Strong-Tie Co. v. Gore,*
 49 Cal. 4th 12 (2010) ..................................................................................... 11

*Slivinsky v. Watkins-Johnson Co.,*
 221 Cal. App. 3d 799 (1990) ......................................................................... 3, 5

*Smith v. Levine Leichtman Capital Partners, Inc.,*
 723 F. Supp. 2d at 1218, (Dkt. No. 25-1) ....................................................... 11

*Talley v. Chanson,*
 2015 WL 11237666 (S.D. Cal. Feb. 25, 2015) ................................................... 8

*Thane Int'l, Inc. v. Hartford Fire Ins. Co.,*
 2008 WL 11335049 (C.D. Cal. Mar. 15, 2008) ................................................. 2

*Tobinick v. Novella,*
 848 F.3d 935 (11th Cir. 2017) ........................................................................ 12

*TransUnion LLC v. Ramirez,*
 141 S. Ct. 2190 (2021) ................................................................................. 5, 6

*USANA Health Scis., Inc. v. Minkow,*
 2008 WL 619287 (D. Utah Mar. 3, 2008) ....................................................... 12

*Vrdolyak v. Avvo, Inc.,*
 206 F. Supp. 3d 1384 (N.D. Ill. 2016) .............................................................. 7

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND
MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

iv

## **Statutory Authorities**

Cal. Civ. Code § 3344 ................................................................................................ 5, 8

Cal. Civ. Proc. Code § 128.5 .......................................................................................... 11

Cal. Civ. Proc. Code § 425.16 ......................................................................................... 11

Cal. Civ. Proc. Code § 425.17 .................................................................................... 10, 11

Wash. Rev. Code Ann. § 4.105.030 ................................................................................. 12

## **Other Authorities**

McCarthy, The Rights of Publicity and Privacy, 2d ed. § 5.67 (2021) ......................................... 1

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND
MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

v

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1

## I.      PLAINTIFF CANNOT ALLEGE A COGNIZABLE INJURY

2          It is unsurprising plaintiff's four purported "injuries" are not cognizable as a matter of law

3  where, as here, plaintiff contends only that ZoomInfo hosted a database of already-public contact

4  information and *might* have previewed it to the extremely limited universe of users who *might* have

5  searched for plaintiff.  *See* Dkt. No. 25-1 at 4-11.

6          *First,* plaintiff cannot adequately allege "infringement of her intellectual property." Dkt. No.

7  25-1 at 5.  As detailed in ZoomInfo's motion (Dkt. No. 19 at 5-7), courts have only characterized the

8  "right of publicity" as a form of intellectual property where plaintiffs can demonstrate their names or

9  likenesses have a corresponding commercial value.  Plaintiff's own cases confirm this: in each, the

10  courts invoked the "intellectual property" characterization where the claim involved a celebrity

11  whose likeness had demonstrable commercial value. Dkt. No. 25-1 at 5 (citing *Comedy III Prods.,*

12  *Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 399 (2001) ("The right of publicity . . . protects a form of

13  intellectual property that society deems to have some social utility. Often considerable money, time

14  and energy are needed to develop one's prominence . . . For some, the investment may eventually

15  create considerable commercial value in one's identity") (Three Stooges); *Midler v. Ford Motor Co.*,

16  849 F.2d 460, 463 (9th Cir. 1988) (Bette Midler); *ETW Corp. v. Jireh Publishing, Inc.*, 332 F.3d

17  915, 928 (6th Cir. 2003) (Tiger Woods); *Perfect 10, Inc. v. CCBill, LLC*, 340 F. Supp. 2d 1077, 1109

18  (C.D. Cal. 2004) (models)).

19          "Publicity" claims take two different forms.  *See* McCarthy, The Rights of Publicity and

20  Privacy, 2d ed. § 5.67 (2021).  The first is based on the loss of the "commercial value" in one's name

21  (*e.g.*, a celebrity).  *Id.*  The second is based on an "appropriation theory," where the plaintiff claims

22  "bruised feelings" based on how plaintiff's name was used.  *Id.*  Only the first is properly considered

23  an intellectual property claim.  *Id.* ("[I]f the right of publicity revolves about the star of loss of

24  commercial and business values, viewing it as a 'property' right akin to other intellectual property

25  rights such as trademarks and copyrights [ ] makes sense").  While plaintiff contends *Callahan v.*

26  *Ancestry.com Inc.*, 2021 WL 2433893, at *5 (N.D. Cal. June 15, 2021) is the "only" case supporting

27  the notion that non-celebrities lack an "intellectual property" right in their likenesses, the distinction

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1

between the different types of misappropriation is actually deeply rooted in the common law.  *See id.*; *see also Thane Int'l, Inc. v. Hartford Fire Ins. Co.*, 2008 WL 11335049, at *6 (C.D. Cal. Mar. 15, 2008) (recognizing it is "the nature of a plaintiff's injury" that distinguishes between two types of misappropriation claims—"appropriation," in which the right of privacy is invaded, and "publicity" in which the commercial value of one's likeness is diminished).

Plaintiff tries to avoid this by contending common law and statutory claims for misappropriation of name do not require the plaintiff to be a celebrity or to have a pre-existing commercial interest in her name. Dkt. No. 25-1 at 6. That is beside the point. The misappropriation claims that have been allowed to proceed absent a commercial interest are not properly characterized as "intellectual property" claims.  In fact, ***none*** of the cases plaintiff cites to support this general proposition allowed the claims to proceed under an "intellectual property" theory. Dkt. No. 25-1 at 6-7 (citing *Moore v. Regents of University of California*, 51 Cal. 3d 120, 138 (1990) (dicta summarizing two cases involving celebrity endorsements as recognizing people have a "proprietary interest" in their likenesses); *Orthopedic Sys., Inc. v. Schlein*, 202 Cal. App. 4th 529, 546 (2012) (recognizing only that non-celebrities might be able to advance a claim, but making no mention of this as a form of "intellectual property" right); *Fraley v. Facebook, Inc*., 830 F. Supp. 2d 785, 806-07 (N.D. Cal. 2011) (same); *Perkins v. Linkedin Corp*., 53 F. Supp. 3d 1190 (N.D. Cal. 2014) (same); *Motschenbacher v. R. J. Reynolds Tobacco Co*., 498 F.2d 821, 825 n. 11 (9th Cir. 1974) (celebrity case recognizing in dicta only that it is "possible" that "the appropriation of the identity of a relatively unknown person may result in economic injury").

In these cases, non-celebrity plaintiffs established economic value via ***endorsement*** theories that are indisputably absent here.  *Orthopedic Sys.*, 202 Cal. App. at 546 (surgeon brought suit after defendant stopped paying royalties for medical device bearing his name); *Fraley*, 830 F. Supp. 2d at 799 ("tangible property interest in their personal endorsement"); *Perkins*, 53 F. Supp. 3d at 1206 (premised on "endorsement emails with users' names").  Here, plaintiff cannot—and has not attempted to—allege an interest in the value of her personal endorsement was diminished by ZoomInfo's acts.

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

2

1    Plaintiff incorrectly contends that *Callahan v. PeopleConnect*, 2021 WL 5050079, at \*14-18

2 (N.D. Cal. Nov. 1, 2021); *Sessa v. Ancestry.com Operations Inc.*, 2021 WL 4245359 (D. Nev. Sept.

3 16, 2021); and *Bonilla v. Ancestry.com*, 2021 WL 5795306, at \*3-4 (N.D. Ill. Dec. 7, 2021)

4 "recognized that infringement of plaintiffs' intellectual property was harm[.]" Dkt. No. 25-1 at 7.

5 However, *PeopleConnect*'s reference to plaintiffs' likenesses as "intellectual property" was not a

6 separate finding of "injury," but instead relevant only to characterizing the *type* of injury the court

7 previously found. And, as shown below, the court's "injury" determination ignored the crux of the

8 Article III inquiry: plaintiff's harm, as opposed to defendant's alleged gain. Likewise, *Sessa* erred

9 by relying on the general proposition that non-celebrities *might* be able to avail themselves of the

10 "right of publicity" law without examining whether the facts at issue actually gave rise to such a

11 circumstance. 2021 WL 4245359 at \*6. *Bonilla* simply did not address this issue at all. *See*

12 *generally* 2021 WL 5795306.

13    "Resulting injury" is a required element of both the common law and statutory

14 misappropriation claims. *See, e.g.*, *Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 807

15 (1990) ("Resulting injury is the sine qua non of a cause of action for misappropriation of name" and

16 is an element of both 3344 claim and common law misappropriation of a name or likeness claim.);

17 *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998) ("resulting injury" is an element of

18 the claims). Were plaintiff correct that every person has an "intellectual property" right in his or her

19 name, the infringement of which automatically gives rise to "injury," this would negate the "injury"

20 requirement, impermissibly collapsing it with the separate requirement that plaintiff's name or

21 likeness was appropriated to defendant's commercial advantage. *See Newcombe*, 157 F.3d at 692.

22    **Second,** alleging that ZoomInfo profited is insufficient to show plaintiff was harmed. *See*

23 Dkt. No. 19 at 9-10. The requirement that a plaintiff suffered harm (as opposed to a defendant

24 merely profiting) is the central focus of the Article III inquiry. *Silha v. ACT, Inc.*, 807 F.3d 169,

25 174-75 (7th Cir. 2015). As the Seventh Circuit has explained, "[a] plaintiff who would have been no

26 better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining

27 does not have standing . . . It follows that a plaintiff's claim of injury in fact cannot be based solely

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

3

on a defendant's gain; it must be based on a plaintiff's loss." *Id.* (internal quotation marks and citation omitted).[1]

Plaintiff relies on *PeopleConnect*, where the court "inferred [from the defendant's use] that the name and/or likeness has some economic value, even if small." 2021 WL 5050079 at *14-15. But whether the information had value ***to the defendant*** is irrelevant to assessing Article III standing. *See, e.g., Silha*, 807 F.3d at 174-75. The proper inquiry is whether it had value ***to plaintiff*** that was lost as a result of the defendant's use. The court in *PeopleConnect* purported to rely on *Fraley* to reach a contrary outcome, but *Fraley* illustrates this distinction. There, plaintiffs' information was used to ***endorse*** Facebook's products; the Article III inquiry did not turn on the value of the plaintiffs' information to ***defendant*** but instead on the plaintiffs' "tangible property interest in their personal endorsement[.]" *Fraley*, 830 F. Supp. 2d at 799.

Although *Davis v. Facebook, Inc.*, 956 F. 3d 589, 600 (9th Cir. 2020) recognized the law may sometimes permit disgorgement of profits even where plaintiff has not suffered a corresponding loss, this was not the end of the Article III inquiry. Instead, the court went on to determine that plaintiffs were able to allege ***they*** had a cognizable and valuable property interest in the information from which the defendant profited—it was not the value of the information to the defendant that was determinative. *Id.* at 600 ("Plaintiffs allege that their browsing histories carry financial value. They point to the existence of a study that values users' browsing histories at $52 per year, as well as research panels that pay participants for access to their browsing histories. Plaintiffs ***also*** sufficiently allege that Facebook profited from this valuable data.") (emphasis added).

***Third,*** plaintiff contends she was denied her statutory right to control the use of her name and likeness for a commercial purpose. Dkt. No. 25-1 at 9-11. But the mere commercial use of a name

---

[1]  Plaintiff irrelevantly points out that one aspect of *In re Google, Inc. Privacy Policy Litig.*, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) was distinguished in *In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, 786 (N.D. Cal. 2019). Dkt. No. 25-1 at 9. But that distinction does not touch on the proposition that "actual injury" under Article III requires a plaintiff to be injured (not just that defendant profited). *See In re Facebook, Inc.*, 402 F. Supp. 3d at 785-86. Rather, the court disagreed that a plaintiff asserting a "privacy invasion" from the disclosure of private, personal information must demonstrate "*economic* harm." *Id.* (emphasis added). The court did not purport to hold a plaintiff need not prove *any* harm.

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

4

and image does not establish actual injury.  Both the common law and the statute impose a specific injury requirement for plaintiff's claims.  *See* Cal. Civ. Code § 3344(a) (imposing liability where "persons [are] injured as a result"); *Slivinsky*, 221 Cal. App. 3d at 807 ("Resulting injury is the sine qua non of a cause of action for misappropriation of name").  Accordingly, this is not an instance where the statute confers a substantive right for which a violation alone establishes standing.

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) supports this outcome.  As plaintiff notes, to assess whether a "concrete harm" exists as a result of a statutory violation, *TransUnion* examined "whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.* at 2204.  For certain members of the plaintiff class for whom the defendant had circulated false credit reports to third parties, the Court relied on the common law "harm associated with the tort of defamation" to conclude those individuals had suffered an injury. *TransUnion*, 141 S. Ct. at 2208-09.  However, for the majority of the class whose reports (though false) had not been shared, the Court concluded "[p]ublication is essential to liability in a suit for defamation," and thus that they had failed to allege an injury.  *Id.* at 2209-10 (internal quotation and citation omitted).

Here, actual "injury" is an element of both the common law and statutory claim for misappropriation of name.  Like the group of plaintiffs who had failed to allege an essential element of the common law analogue in *TransUnion*, here the mere use of another's name or likeness for commercial purposes does not give rise to a basis for a lawsuit under the common law.  More is required—specifically, an actual injury resulting from such use.

Plaintiff relies on an out-of-context quotation from *Fraley* to assert a violation of her "individual statutory rights" under Section 3344 is "an invasion of a legally protected interest" for Article III purposes. Dkt. No. 25-5 at 9.  However, plaintiff ignores this was merely the beginning of the court's inquiry: after addressing whether a "legally protected interest" had been invaded, and consistent with the required analysis for both Article III and for a statutory or common law claim of misappropriation, the court correctly went on to assess whether the claimed injury was sufficiently "concrete." *Fraley*, 830 F. Supp. 2d at 797-801.  The court did not rely on the mere use of plaintiffs' names and images.  Instead, *Fraley* found concrete injury based on factual allegations that

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

5

1   demonstrated both (a) a "personalized endorsement of products, services, and brands to their friends

2   and acquaintances," and (b) that this endorsement had "concrete, provable value[.]" *Id.* at 799-800.

3   **Fourth,** as shown above, plaintiff alleges neither "economic loss" nor an endorsement theory

4   through which her "reputation" could possibly have been harmed.  Accordingly, her purported

5   "mental harm" cannot provide a basis for her claimed injury even if such "mental harm" could be

6   proven through knowledge "of possible economic loss," or "potential harm to reputation resulting

7   from the promotion of a product the Plaintiff does not approve of[.]"  Dkt. No. 25-1 at 11-12.

8   ## II.  THE PUBLIC INTEREST EXCEPTION APPLIES

9   The "teaser profile" plaintiff challenges is a free page from an online directory of business

10  professionals.  *See* Compl. at ¶¶ 23, 28.  As in *Vrdolyak v. Avvo, Inc.*, 206 F. Supp. 3d 1384 (N.D.

11  Ill. 2016), this free directory information is a matter of public interest.[2]  Plaintiff attempts to

12  distinguish *Vrdolyak* on the grounds that the professional directory there was accessible free of

13  charge.  Dkt. No. 25-1 at 14.  But here, too, the challenged "teaser profile" is available without

14  charge, and it contains the same professional-directory type information the court in *Vrdolyak*

15  determined was in the public interest.  *See* Compl. at ¶ 10.  Plaintiff's reliance on *Gabiola v. Sarid*,

16  2017 WL 4264000 (N.D. Ill. Sept. 26, 2017) is misplaced.  There, the court denied public interest

17  protection for mugshots that appeared on defendant's website because those images were used to

18  advertise a *separate service* offered by defendant—a website that offered to remove the mugshots

19  for a fee.  *Id.* at *6.  That additional information about the individuals featured in the mugshots

20  appeared behind a paywall was not determinative.

21  Contrary to plaintiff's contention (Dkt. 25-1 at 13), "newsworthiness" is not limited to the

22

23  [2]  Even if the previews were "advertisements," plaintiff's claim interferes with ZoomInfo's right to
promote itself by previewing its product.  *See, e.g., Montana v. San Jose Mercury News, Inc.*, 34 Cal.
App. 4th 790, 796 (1995), as modified (May 30, 1995) ("a person's photograph originally published
in one issue of a periodical as a newsworthy subject (and therefore concededly exempt from the
statutory prohibitions) may be republished [ ] in another medium as an advertisement for the
periodical itself, illustrating the quality and content of the periodical, without the person's written
consent'"); *Namath v. Sports Illustrated*, 363 N.Y.S.2d 276, 278 (Sup. Ct.), *aff'd*, 371 N.Y.S.2d 10
(1975), *aff'd*, 352 N.E.2d 584 (1976) ("so long as the reproduction was used to illustrate the quality
and content of the periodical in which it originally appeared, the statute was not violated, albeit the
reproduction appeared in other media for purposes of advertising the periodical").

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

6

news. *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 225 (1998). It "extends also to the use of names, likenesses or facts … for purposes of education, amusement or enlightenment," as long as "some reasonable members of the community could entertain a legitimate interest in it[.]" *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 225 (1998).[3]  As shown in ZoomInfo's motion, the directories ZoomInfo provides serve these purposes. *See* Dkt. 19 at 11-16.

Finally, as plaintiff's cases demonstrate, the public interest exception is only unavailable to commercial speech if the otherwise-newsworthy information has been used to advertise *a separate* product unrelated to the newsworthiness of the subject. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1002 (9th Cir. 2001) (famous surfers' photographs used to advertise Abercrombie's clothing); *Abdul-Jabbar v. General Motors Corporation*, 85 F.3d 407 (9th Cir. 1996) (famous basketball player's name and image used to advertise cars); *Fraley*, 830 F. Supp. 2d at 805 (although the plaintiffs' underlying actions (their "likes" of certain products) could be considered "newsworthy," once Facebook converted that information into plaintiffs' purported endorsements of particular products, it was no longer connected to the public interest in the events).[4]  The cases turn not on whether a defendant is engaged in commercial activity, but rather whether the information is used to endorse a product (impermissible) or if, as here, the information is the product (permissible).

## III. PLAINTIFF FAILED TO PLEAD ENTITLEMENT TO STATUTORY DAMAGES

A non-celebrity plaintiff must plead mental anguish to be entitled to statutory damages. *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1006 (2008). Plaintiff wrongly relies on *PeopleConnect*'s misinterpretation of *Miller* to argue she is entitled to statutory damages whether or not she plausibly alleges mental anguish. Dkt. No. 25-1 at 15-16; *see PeopleConnect*, 2021 WL 5050079 at *15-16. As *Miller* recognized, "the legislative history of section 3344(a) reveals the statutory minimum damages were meant to compensate non-celebrity plaintiffs who suffer the

---

[3]  Plaintiff contends ZoomInfo relies on factual information outside the pleadings, but ZoomInfo's profile of plaintiff is the basis of her complaint, and she admits its accuracy. Compl. at ¶ 28.

[4]  To the extent the Court finds a parallel between the public affairs exception under California law and that of Ohio, which was examined in *Knapke v. PeopleConnect Inc.*, 2021 WL 3510350, at *7 (W.D. Wash. Aug. 10, 2021), ZoomInfo respectfully asks this Court re-examine its decision in light of the arguments and cases ZoomInfo offers. *Id.*

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

7

1    *Fairfield* form of mental anguish yet no discernible commercial loss." 159 Cal. App. 4th at 1006.

2    *Miller* explained: "[t]o the extent [plaintiff] suffered commercial loss due to his status as an

3    authenticator well-known and respected in 'the close-knit autograph and collectibles industry,' his

4    recourse was to prove actual damages like any other plaintiff whose name has commercial value."

5    *Id.*   Other courts, even one on which plaintiff relies, also find statutory damages are meant to

6    compensate "mental anguish."   *See, e.g.*, *Perkins*, 53 F. Supp. 3d at 1243 (dismissing statutory

7    damages claim where plaintiffs did not allege mental anguish and explaining that though the text of

8    Section 3344 contains no express requirement that plaintiff plead mental harm, California appellate

9    courts have inferred that requirement from the legislative history); *Cohen*, 798 F. Supp. 2d at 1097

10   (plaintiffs must at least plead "they suffered mental anguish as a result of the alleged

11   misappropriation, and a plausible supporting factual basis for any such assertion"); *Talley v.*

12   *Chanson*, 2015 WL 11237666, at *4 (S.D. Cal. Feb. 25, 2015) ("the $750 in minimum statutory

13   damages is not meant to compensate mere reputational harm; rather, this remedy compensates for the

14   effect any such reputational harm might have on one's feelings or peace of mind") (quotation,

15   citation omitted); *Del Amo v. Baccash*, 2008 WL 4414514, at *6 (C.D. Cal. Sept. 16, 2008) (section

16   3344 provides "'a practical remedy for a noncelebrity plaintiff whose damages are difficult to prove

17   and who suffers primarily mental harm from the commercial misappropriation of his or her name'").

18           Even if an economic injury would suffice, plaintiff still would not be entitled to statutory

19   damages because she failed to allege her information has any actual economic value.  *See Fraley*,

20   830 F. Supp. 2d at 803 ("Plaintiffs may not simply demand $750 in statutory damages in reliance on

21   a bare allegation that their commercial endorsement has provable value, but rather must 'prove

22   actual damages like any other plaintiff whose name has commercial value'").[5]

23   ───────────────

24   [5]   Plaintiff also relies on *Perfect 10, Inc. v. Talisman Commc'ns Inc.*, 2000 WL 364813, at *3 (C.D.
     Cal. Mar. 27, 2000), a default judgment in a case involving misappropriation of a model's

25   photographs.  As the *Miller* court explained, *Perfect 10* is "unhelpful" because it did not address
     whether mental anguish is necessary and the "opinion was issued in support of a default judgment,
     i.e., without opposition." *Miller*, 159 Cal. App. 4th at 1001.  Plaintiff's reliance on dicta from *KNB*

26   *Enterprises v. Matthews*, 78 Cal. App. 4th 362 (2000) is similarly misplaced—the issue was not
     whether mental anguish was required, but instead whether the challenged use of models'

27   photographs was preempted by Section 301 of the copyright act.  *Id.* at 364.

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

8

1    **IV.    ZOOMINFO'S ANTI-SLAPP MOTION SHOULD BE GRANTED**

2         **Public Interest.**  "'[A]n issue of public interest' within the meaning of [the anti-SLAPP

3    statute] is *any issue in which the public is interested*.  In other words, the issue need not be

4    'significant' to be protected by the anti-SLAPP statute—it is enough that it is one in which the public

5    takes an interest."  *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008).  Plaintiff

6    contends the "teaser profile" cannot be in the public interest because it (1) does not concern a

7    "substantial number of people" and (2) concerns "private information." Dkt. No. 25-1 at 18-19. She

8    is wrong.  ***First,*** the number of people to whom the information is of interest need not be large.  *See,*

9    *e.g.*, *Ruiz v. Harbor View Cmty. Ass'n*, 134 Cal. App. 4th 1456, 1468-69 (2005) (homeowners

10   association letters were of "public interest" to residents of approximately 500 lots governed by that

11   association); *Grenier v. Taylor*, 234 Cal. App. 4th 471, 482–83 (2015) (speech to community of

12   about 1,000 church members was matter of "public interest").   Thus, ZoomInfo's previews

13   containing plaintiff's business contact information and references to posts and scoops regarding

14   plaintiff and her company's actions in representing 35,000 union members meet this low bar.  RJN;

15   Cobb Decl. Exs. C, & D.  ***Second,*** as discussed in Part I.B. of ZoomInfo's motion (Dkt. No. 19 at 7-

16   9), none of the information at issue is private.  Though Plaintiff claims courts are "unanimous in

17   summarily denying anti-SLAPP motions on these facts," she offers scant support.  *See* Dkt. No. 25-1

18   at 20; *PeopleConnect*, 2021 WL 5050079, at *21 (did not address anti-SLAPP motion because some

19   claims were preempted, and plaintiff did not bring a motion with respect to the remaining claims);

20   *Sessa*, 2021 WL 4245359, at *16 (court's anti-SLAPP ruling currently on appeal to the Ninth

21   Circuit, *Anthony Sessa, et al. v. Ancestry.com Operations Inc., et al.*, No. 21-16618 (9th Cir.)).

22        **Plaintiff did not show a probability of success.**  Because the teaser profile concerns an

23   issue of public interest, plaintiff can only avoid dismissal by showing a probability of success.

24   *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).  However, as shown above and in

25   ZoomInfo's motion, plaintiff failed to do so.  *See* Parts I & II.

26        **Neither the commercial speech nor public interest exceptions apply.**  Plaintiff contends

27   the "commercial speech" exception set forth in Cal. Civ. P. Code § 425.17(c) applies.  Dkt. 25-1 at

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

9

20.   However, the California Supreme Court has made clear "the language of section 425.17, subdivision (c) and subsequent case law indicate that the provision exempts 'only a subset of commercial speech'—specifically, comparative advertising . . . . So certain commercially oriented statements will fall outside the scope of section 425.17, subdivision (c)." *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 147-48 (2019).  To invoke the exception, "the harm plaintiffs allege would have to derive from [ZoomInfo's] representations about [its] own business or a competitor's business." *Dziubla v. Piazza*, 59 Cal. App. 5th 140 (2020).  This is not a case between business competitors, and plaintiff does not allege she was harmed as a result of some representation of fact ZoomInfo made about its business.  Accordingly, this exception does not apply.

Plaintiff also asserts this is an "action brought solely in the public interest or on behalf of the general public" and thus exempted from anti-SLAPP protection (Dkt. No. 25-1 at 20-21); however, "not all public interest or class actions are intended to be automatically exempt from the anti-SLAPP law." *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 913-14 (2004) (quotation, citation omitted).  Indeed, "the public interest exemption . . . should be narrowly construed" (*Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 22 (2010)), and does not apply where, as here, plaintiff seeks personal relief, such as damages.  *See, e.g., Blackburn v. ABC Legal Servs., Inc.*, 2011 WL 8609453, at *3 (N.D. Cal. June 16, 2011) ("Plaintiff seeks an award of actual damages.  Because Plaintiff seeks relief to directly benefit herself, the Section 425.17(b) exception is inapplicable"); *Blanchard*, 123 Cal. App. 4th at 916 (exemption did not apply in class action because it applies only where plaintiffs "'are acting only in the public interest as private attorneys general, ***and are not seeking any special relief for themselves.***' . . .  Because this lawsuit is not designed to confer a benefit upon anyone other than plaintiffs, it is only motivated by personal gain . . . as it only benefits plaintiffs, this UCL action is not covered by section 425.17's exception").[6]  Here, "[t]he complaint's prayer

---

[6]  Plaintiff's reliance on *Smith v. Levine Leichtman Capital Partners, Inc.* (Dkt. No. 25-1 at 21), is misplaced because (1) that court did not grapple with precedent precluding application of the exemption where personal relief is sought, and (2) involved a federal statute to which the anti-SLAPP statute does not apply. *Smith*, 723 F. Supp. 2d at 1218 ("even if Plaintiffs were seeking greater relief for themselves under their FDCPA claim, the Court finds that it would be irrelevant to the application of the exception to the anti-SLAPP statute. It is undisputed that California's

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16 (3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

10

1   exposes this cause of action as motivated by personal gain. This lawsuit is not protected from the

2   anti-SLAPP statute by section 425.17." *Id.* at 917.

3        Nor does this suit seek to vindicate any "important right affecting the public interest." Cal.

4   Code Civ. Proc § 425.17(b). Plaintiff cites no case demonstrating this suit is analogous to those in

5   which important public interests are at stake on the plaintiff's side. Instead, plaintiff seeks to *limit*

6   the public's right to access—and ZoomInfo's right to disseminate—public information.

7        **Even were the Court to deny ZoomInfo's anti-SLAPP motion, plaintiff is not entitled to**

8   **fees and costs.** Fees and costs can be recovered only where "a special motion to strike is frivolous

9   or is solely intended to cause unnecessary delay." Cal. Code Civ. Proc. § 425.16. "'Frivolous'

10  means totally and completely without merit or for the sole purpose of harassing an opposing party."

11  Cal. Code Civ. Proc. § 128.5. "To meet this standard, a party requesting the award must show that

12  'any reasonable attorney would agree the motion was totally devoid of merit.'" *Rudisill v.*

13  *California Coastal Com.*, 35 Cal. App. 5th 1062, 1070 (2019).

14       Plaintiff disputes whether the anti-SLAPP statute applies here, but her disagreement is

15  insufficient to meet this high burden. Indeed, she does not cite any right of publicity case in which

16  courts deemed an anti-SLAPP motion frivolous. *See* Dkt. No. 25-1 at 23.[7] And although plaintiff

17  takes issue with ZoomInfo exercising its right to stay discovery under the anti-SLAPP statute (Dkt.

18  25-1 at 24), were that sufficient to demonstrate the motion was made for purposes of delay, *every*

19  anti-SLAPP motion would meet that bar.

20       Plaintiff also suggests ZoomInfo was required to perform a choice of law analysis with

21  respect to the anti-SLAPP statute. However, California law applies where a California plaintiff has

22  asserted claims under California law. *See, e.g., Tobinick v. Novella*, 848 F.3d 935, 944 (11th Cir.

23  2017) (upholding application of California anti-SLAPP statute to California plaintiff's California law

24  anti-SLAPP law is inapplicable to federal claims brought in federal court").

25  [7] Further, the anti-SLAPP determination in *Sessa*, is on appeal to the Ninth Circuit. *Anthony Sessa,*
    *et al. v. Ancestry.com Operations Inc., et al.*, No. 21-16618 (9th Cir.)). And the *Sessa* district court
26  recently stayed all proceedings pending the outcome of the appeal. *Sessa v. Ancestry.com Inc.*, Case
    No. 2:20-cv-02292-GMN-BNW (D. Nev.), Dkt. No. 50 ("the Ninth Circuit's decision on this
27  Court's anti-SLAPP ruling could be determinative of the right of publicity claim").

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO
STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

11

1   claims); *USANA Health Scis., Inc. v. Minkow*, 2008 WL 619287 (D. Utah Mar. 3, 2008) (California

2   anti-SLAPP statute applied to California state law claims).   And in all events, "no actual conflict"

3   exists between Washington and California's anti-SLAPP statutes (as plaintiff seems to concede).[8]

4   Dkt. Nos. 19 at 19; 25-1 at 23.   The Court should strike plaintiff's complaint under either statute.

*     *     *

6       Thus, the Court should grant ZoomInfo's motion to dismiss and/or special motion to strike.

---

[8]   Contrary to plaintiff's contention (Dkt. No. 25-1 at 22), Washington and California's statutes do not differ in terms of allowing discovery. *Compare* Wash. Rev. Code Ann. § 4.105.030 (discovery allowed "if a party shows that specific information is necessary to establish whether a party has satisfied or failed to satisfy a burden under [the anti-SLAPP statute] and the information is not reasonably available unless discovery is allowed") *with Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 868, 44 Cal. Rptr. 2d 46, 54 (1995) (Upon "a timely and proper showing in response to the motion to strike, that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case, the plaintiff must be given the reasonable opportunity to obtain that evidence through discovery before the motion to strike is adjudicated").

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16 (3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

12

1   DATED: January 24, 2022             Respectfully Submitted,

2                                       QUINN EMANUEL URQUHART & SULLIVAN LLP

3
                                        By: /s/ Alicia Cobb
4                                           Alicia Cobb, WSBA #48685
                                            1109 First Avenue, Suite 210
5                                           Seattle, Washington 98101
                                            Phone (206) 905-7000
6                                           Fax (206) 905-7100
                                            aliciacobb@quinnemanuel.com
7
8                                           Shon Morgan (*pro hac vice*)
                                            John W. Baumann (*pro hac vice*)
9                                           865 South Figueroa Street, 10th Floor
                                            Los Angeles, California 90017
10                                          Phone (213) 443-3000
                                            Fax (213) 443-3100
11                                          shonmorgan@quinnemanuel.com
                                            jackbaumann@quinnemanuel.com
12
13                                          Cristina A. Henriquez (*pro hac vice*)
                                            555 Twin Dolphin Drive, 5th Floor
14                                          Redwood Shores, California 94065
                                            Phone (650) 801-5000
15                                          Fax (650) 801-5100
                                            cristinahenriquez@quinnemanuel.com
16
17                                          *Attorneys for Defendant ZoomInfo Technologies Inc.*

18

19

20

21

22

23

24

25

26

27

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16 (3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

13

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on January 24, 2022, I caused a true and correct copy of the foregoing to

3

be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

4

DATED this 24th day of January, 2022.

5

6

7

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

REPLY ISO MOT. TO DISMISS PURSUANT TO FRCP 12 AND MOT. TO STRIKE PURSUANT TO CAL. CODE CIV. P. 425.16 (3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

14