THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIM CARTER MARTINEZ, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

ZOOMINFO TECHNOLOGIES INC., a Delaware corporation

Defendant.

Case No.  3:21-cv-05725-MJP

**ZOOMINFO TECHNOLOGIES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

**ANSWER**

By and through its undersigned counsel, and in response to the Complaint filed on September 30, 2021 by plaintiff Kim Carter Martinez in the above-captioned proceedings (Dkt. 1, "Complaint"), defendant ZoomInfo Technologies Inc.,[1] generally denies plaintiff's allegations that ZoomInfo (1) violated California's Right of Publicity Statute, Cal. Civ. Code § 3344, and (2) violated California Common Law on Misappropriation of Name and Likeness. ZoomInfo denies each and every allegation in the Complaint except as expressly admitted below. ZoomInfo answers the Complaint and sets forth its affirmative defenses as follows:

**I. NATURE OF ACTION[2]**

1. Answering paragraph 1, plaintiff has sued the wrong defendant. ZoomInfo Technologies LLC ("ZoomInfo") is the entity that owns and operates the website www.zoominfo.com. ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff and the proposed class, and therefore denies those allegations.

2. Answering paragraph 2, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo denies it is using plaintiff's "name and personal information to advertise subscriptions to zoominfo.com." ZoomInfo lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff's mental state and emotions and, on that basis, denies that allegation.

3. Answering paragraph 3, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits that it sells subscription products that include access to a searchable directory database of professional contact information, that may include names, business contact information, and job title. ZoomInfo denies

---

[1] ZoomInfo Technologies, Inc., the named defendant in this action, has no business operations; thus, unless specified otherwise, the Complaint is construed as directed at ZoomInfo Technologies, LLC and answered on its behalf.

[2] This document adopts the headings of the Complaint only for the Court's ease of reference. ZoomInfo does not agree with or admit any statements alleged in the headings.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES     -1-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

plaintiff's characterizations of these facts. Plaintiff's allegations as to "work histories" and "other personal information" are too vague to enable ZoomInfo to understand to what plaintiff is referring, and on that basis, ZoomInfo denies those allegations. Other than as specifically admitted, each and every allegation contained therein is denied.

4. Answering paragraph 4, ZoomInfo admits profile previews may contain a photograph, certain business contact information (including a name, business e-mail, a job title, place of employment, and a partial job description), and that some of that information may be current. ZoomInfo admits that full profiles may contain additional information, such as business e-mail addresses, a job description, colleagues' business contact information, and a partial corporate organizational chart. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

5. Answering paragraph 5, ZoomInfo admits that some users who subscribe to ZoomInfo products have "Full Access" to certain business profiles contained in ZoomInfo's business contact database, which is comprised of millions of profiles. The categories of information available in business profiles varies. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

6. Answering paragraph 6, ZoomInfo admits that some users who subscribe to ZoomInfo products have "Full Access" to certain business profiles contained in ZoomInfo's business contact database, which is comprised of millions of profiles, not just a single profile. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

7. Answering paragraph 7, ZoomInfo admits that some users with access to a subscription for ZoomInfo products may have access to the business contact database containing millions of business profiles. The categories of information available in business profiles varies across the profiles. ZoomInfo admits that it offers different types of business subscriptions. ZoomInfo denies the cost of all ZoomInfo subscriptions are $10,000 or more per year; subscription costs vary depending on the plan and products and services chosen. ZoomInfo admits that ZoomInfo "Intent," "Engage" and "Enrich" are products and services offered by ZoomInfo but denies they are

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -2-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

available with every subscription.  Plaintiff does not cite a source from which she is purportedly quoting and ZoomInfo is thus unable to determine whether the quotes are accurate; on that basis, ZoomInfo denies these allegations.  ZoomInfo admits that "Engage" allows for automated email and phone outreach and that through "ZoomInfo Enrich," a customer may supplement information they have about people on their lists with information ZoomInfo may have in its databases. ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

8.    Answering paragraph 8, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo denies that it creates the public information at issue here, such as names, job titles, job descriptions, business phone numbers and emails.  ZoomInfo admits that it formats that information as business profiles that it makes available through its public business directory database.  ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

9.    Answering paragraph 9, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that page 3 of the ZoomInfo Technologies Inc. 2020 Annual Report states, among other things, that "[t]he business contact information and other personal data we process are an integral part of our products and services."  ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

10.    Answering paragraph 10, ZoomInfo admits that page 16 of the ZoomInfo Technologies Inc. 2020 Annual Report states, among other things, that "[w]e rely heavily on internet search engines, such as Google, including through the purchase of sales and marketing-related keywords and the indexing of our public-facing directory pages and other web pages, to generate a significant portion of the traffic to our website."  ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation contained therein is denied.

11.    Answering paragraph 11, ZoomInfo lacks sufficient knowledge or information as to

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -3-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

plaintiff's knowledge or mental state and therefore denies those allegations on that basis. Answering further, ZoomInfo admits that page 10 of the ZoomInfo Technologies Inc. 2020 Annual Report states, among other things, that "[w]e also receive data from third-party vendors (*e.g.*, other data brokers). We are ultimately unable to verify with complete certainty the source of such data, how it was received, and that such information was collected and is being shared with us in compliance with all applicable data privacy laws." ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

12. Answering paragraph 12, ZoomInfo admits that its Community Edition subscribers consent to the installation of certain software on certain of their device(s), through which users can submit certain business information, including the name and business contact information of others. The remaining allegations are denied.

13. Answering paragraph 13, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

14. Answering paragraph 14, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits that users of ZoomInfo Community Edition agree to provide certain business contact information for certain people in their network to ZoomInfo. The remaining allegations are denied.

15. Answering paragraph 15, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied, including because ZoomInfo lacks sufficient knowledge or information as to plaintiff's state of mind.

16. Answering paragraph 16, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

17. Answering paragraph 17, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -4-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

18.     Answering paragraph 18, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

19.     Answering paragraph 19, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied and ZoomInfo further denies this matter is appropriate for class adjudication or that plaintiff and the purported class are entitled to any relief.  Cal. Civ. Code§ 3344 speaks for itself.

## II. JURISDICTION AND VENUE

20.     Answering paragraph 20, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo challenges the Court's subject matter jurisdiction based on plaintiff's lack of standing, but does not otherwise challenge jurisdiction under the Class Action Fairness Act.  The cited statute speaks for itself.  It is admitted that ZoomInfo Technologies, Inc. is incorporated in Delaware and has its principal place of business in Vancouver, Washington.  ZoomInfo denies plaintiff's characterization of these facts.  ZoomInfo admits the directory database has at least 125 million business profiles, but is unable to determine how many of those correspond to California residents, and therefore denies plaintiff's allegation that there are millions of profiles pertaining to California residents.  Other than as specifically admitted, ZoomInfo denies each and every allegation contained therein.

21.     Answering paragraph 21, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, it is admitted that the Court has general personal jurisdiction over ZoomInfo and that its headquarters and principal place of business are located in the State of Washington in the Tacoma District.

22.     Answering paragraph 22, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo challenges the Court's subject matter jurisdiction, but does not otherwise challenge venue.

## III. PARTIES

23.     Answering paragraph 23, ZoomInfo lacks knowledge or information sufficient to

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES   -5-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

form a belief as to the truth or falsity of the allegations regarding plaintiff's state of citizenship, state of residence, her visits and use of www.zoominfo.com, or access to a ZoomInfo subscription, and on that basis, denies those allegations. The challenged profile preview speaks for itself. ZoomInfo admits that the challenged profile preview, which is only accessible if searched and viewed, contains the words "Get Full Access to Kim's Info." ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, ZoomInfo denies each and every allegation contained therein.

24.    Answering paragraph 24, ZoomInfo Technologies, Inc. admits it is a Delaware corporation that is headquartered in Vancouver, Washington but denies it directly owns and operates the website www.zoominfo.com. Plaintiff has sued the wrong defendant. ZoomInfo Technologies LLC is the entity that directly owns and operates that website. Plaintiff's characterizations of these facts are denied. Other than as specifically admitted, ZoomInfo denies each and every allegation contained therein.

## IV. FACTUAL ALLEGATIONS

25.    Answering paragraph 25, ZoomInfo cannot, with the limited information available to it now, determine whether plaintiff has or has ever had a relationship with ZoomInfo, or whether she has ever used the website zoominfo.com. ZoomInfo lacks sufficient information or knowledge to enable it to answer these allegations at this time, and therefore denies each and every allegation therein.

26.    Answering paragraph 26, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

27.    Answering paragraph 27, ZoomInfo lacks sufficient information or knowledge to enable it to answer allegations about what plaintiff does or does not value, and on that basis, denies those allegations. The remaining allegations are denied.

28.    Answering paragraph 28, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, ZoomInfo admits there is a

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -6-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

business profile on the zoominfo.com website corresponding to the name Kim Carter Martinez. ZoomInfo admits the free preview of that profile, among other things, contains the name "Kim Martinez," a company name, a company phone number, a company address, a job title, a partial job description, a partial business e-mail address, a list of names and job titles under a "View Colleagues" section, and an "organizational chart" that contains the name "Kim Martinez." The screenshot speaks for itself. ZoomInfo admits that the challenged profile preview, which is available only if searched and viewed, contains buttons with the words "Get Full Access to Kim's Info" and "Get email address." ZoomInfo lacks sufficient information or belief as to plaintiff's counsel's actions, including their alleged use image-editing software, and therefore denies those allegations. ZoomInfo admits that photographs of colleagues may, but do not always appear under the "View Colleagues" section of profile previews. ZoomInfo admits that the redactions appearing in the complaint do not appear on the www.zoominfo.com website. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation is denied.

29.    Answering paragraph 29, ZoomInfo admits that the challenges profile preview, which is available only if searched and viewed, contains the words "We have who you are looking for[.] Information without innovation is just data[.] View Kim's Full Org Chart[.]" ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation is denied.

30.    Answering paragraph 30, ZoomInfo admits that its directories can, at times, be searched through a publicly accessible search bar. ZoomInfo admits that the search bar has, at times, allowed users to search for names, including plaintiff's name. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation is denied.

31.    Answering paragraph 31, ZoomInfo admits that the challenged preview is available and can be found through a search. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation is denied.

32.    Answering paragraph 32, ZoomInfo admits that the business profile is indexed by

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -7-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

the search engine Google.  ZoomInfo further admits that searching for "Kim Carter Martinez ZoomInfo" in Google may yield the challenged business profile as the first result.  ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation is denied.

33.    Answering paragraph 33, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

34.    Answering paragraph 34, ZoomInfo admits that clicking on the "Free Trial" button located at the bottom of the ZoomInfo website, which is consistent throughout the site and not specific to directory profiles, links to a webpage that allows a user to inquire about a free trial.  ZoomInfo admits that users who sign up for a free trial may later become paying subscribers.  ZoomInfo denies the cost of all ZoomInfo subscriptions are $10,000 or more per year; subscription costs vary depending on the plan and products and services chosen.  ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation is denied.

35.    Answering paragraph 35, ZoomInfo admits that an enterprise subscription may include access to various products and services, including the ability to search and access directory profiles of more than 125 million professionals; access to ZoomInfo's intent engine, which reflects certain consumption data; "Zoom Engage," which enables automated email and phone outreach; and "ZoomInfo Enrich," which may be used to supplement CRM data with data from the directory database.  Plaintiff's reference to the quoted language is too vague to enable ZoomInfo to understand what plaintiff is referring to, and on that basis, ZoomInfo denies those allegations.  ZoomInfo denies plaintiff's characterizations of these facts.  Other than as specifically admitted, each and every allegation is denied.  each and every allegation contained therein is denied.

36.    Answering paragraph 36, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

37.    Answering paragraph 37, ZoomInfo denies that clicking on the buttons on the

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

challenged profile preview that say "Get Full Access to Kim's Info," "Get Email Address," "Export," or "Sign Up," will pull up a pop-up message regarding "ZoomInfo Community Edition." ZoomInfo denies that users of ZoomInfo Community Edition receive access to the full database of business profiles. ZoomInfo admits that users of ZoomInfo Community Edition agree to download and install the "ZoomInfo Community App," which, among other features, enables the user to share with ZoomInfo their business contacts as well as headers and signature blocks from emails they receive. ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation is denied.

38.    Answering paragraph 38, ZoomInfo admits that page 14 of the ZoomInfo Technologies Inc. 2020 Annual Report states, among other things, that "[o]ur go-to-market efforts are intended to identify and attract prospective customers and convert them to paying customers, including the conversion of users of our Community Edition product to paying customers." ZoomInfo denies plaintiff's characterizations of these facts. Other than as specifically admitted, each and every allegation contained therein is denied.

39.    Answering paragraph 39, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

40.    Answering paragraph 40, ZoomInfo lacks information or knowledge regarding plaintiff's internal state of mind, emotions, and beliefs and, on that basis, denies these allegations.

41.    Answering paragraph 41, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

42.    Answering paragraph 42, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

43.    Answering paragraph 43, no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

44.    Answering paragraph 44, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.  ZoomInfo lacks information or knowledge regarding plaintiff's internal state of mind, emotions, and beliefs and, on that basis, further denies those allegations.

## V. CLASS ACTION ALLEGATIONS

45.    Answering paragraph 45, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiff purports to bring this case as a class action and purports to define a class, but ZoomInfo denies that this case is appropriate for class adjudication and certification.  Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  Other than as specifically admitted, each and every allegation contained therein is denied.

46.    Answering paragraph 46, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo admits that plaintiff purports to exclude certain people from the putative class, but ZoomInfo denies this case is appropriate for class adjudication and certification.  Other than as specifically admitted, each and every allegation contained therein is denied.

47.    Answering paragraph 47, no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, ZoomInfo lacks sufficient information or belief as to the number of directory profiles in its databases that correspond to California residents, and therefore denies that allegation.  ZoomInfo admits that the website states the directory database enables searching for over 10 million businesses and 125 million business professionals.  ZoomInfo denies that this matter is proper for class adjudication and certification.  Other than as specifically admitted, each and every allegation contained therein is denied.

48.    Answering paragraph 48 no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.  ZoomInfo denies that this matter is proper for class adjudication and certification.  The cited statute speaks for itself.

49.    Answering paragraph 49 no response is required as to the statements of legal

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -10-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

standards or legal conclusions. To the extent a response is required, ZoomInfo lacks sufficient information or belief to enable it to answer allegations directed at advertisements for mylife.com and therefore denies them. ZoomInfo denies that this matter is proper for class adjudication and certification. Answering further, each and every allegation contained therein is denied.

50. Answering paragraph 50 no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied.

51. Answering paragraph 51 no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. ZoomInfo further denies that this matter is proper for class adjudication and certification.

52. Answering paragraph 52 no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. ZoomInfo denies that this matter is proper for class adjudication and certification. ZoomInfo further denies the proposed class is entitled to any relief. Rule 23 of the Federal Rules of Civil Procedure speaks for itself.

53. Answering paragraph 53 no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation contained therein is denied. ZoomInfo denies that this matter is proper for class adjudication and certification. Rule 23 of the Federal Rules of Civil Procedure speaks for itself.

## FIRST CAUSE OF ACTION
### Violation of California's Right of Publicity Statute
#### (Cal. Civ. Code § 3344)

54. Answering paragraph 54 requires no response. To the extent a response is required, ZoomInfo incorporates its responses to all previous paragraphs as though fully set forth herein.

55. Answering paragraph 55 no response is required as to the statements of legal standards or legal conclusions. The cited statute speaks for itself.

56. Answering paragraph 56 no response is required as to the statements of legal standards or legal conclusions. To the extent a response is required, each and every allegation

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -11-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

contained therein is denied.

57.     Answering paragraph 57 no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.  The cited statute speaks for itself.

58.     Answering paragraph 58 no response is required as to the statements of legal standards or legal conclusions.  The cited statute speaks for itself.

59.     Answering paragraph 59 no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.

60.     Answering paragraph 60, ZoomInfo admits that plaintiff purports to seek the relief set forth, but denies plaintiff or the putative class are entitled to any such relief.  no response is required as to the statements of legal standards or legal conclusions.  ZoomInfo further denies that this case is appropriate for class treatment.  Other than as specifically admitted, ZoomInfo denies each and every allegation set forth herein.

## SECOND CAUSE OF ACTION
### Violation of California Common Law Tort – Misappropriation of Name and Likeness

61.     Answering paragraph 61 requires no response.  To the extent a response is required, ZoomInfo incorporates its responses to all previous paragraphs as though fully set forth herein.

62.     Answering paragraph 62 no response is required as to the statements of legal standards or legal conclusions.  The cited case speaks for itself.

63.     Answering paragraph 63 no response is required as to the statements of legal standards or legal conclusions.  To the extent a response is required, each and every allegation contained therein is denied.  The cited case speaks for itself.

64.     Answering paragraph 64, ZoomInfo admits that plaintiff purports to seek the relief set forth, but denies plaintiff or the putative class are entitled to any such relief.  ZoomInfo further denies that this case is appropriate for class treatment.  Other than as specifically admitted, ZoomInfo denies each and every allegation set forth herein.  No response is required as to the statements of legal standards or legal conclusions.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -12-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

## VI. PRAYER FOR RELIEF

No response is required as to the Prayer for Relief.  To the extent any response is required, ZoomInfo denies that plaintiff and the purported class are entitled to any relief and further denies each and every allegation contained therein.

## VII. DEMAND FOR JURY TRIAL

No response is required as to plaintiff's demand for a jury trial.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -13-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

## AFFIRMATIVE AND OTHER DEFENSES

1.    ZoomInfo sets forth the following defenses.  In asserting these defenses, ZoomInfo is not assuming the burden to establish any fact or propsition where that burden is properly imposed on plaintiff.  ZoomInfo reserves the right to assert additional defenses based on facts that are revealed during discovery.  Additional facts and evidence in support of the following defenses will be developed during discovery and presented in due course.

### FIRST DEFENSE
### (Lack of Subject Matter Jurisdiction–Standing)

2.    Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the purported classes and/or general public.

### SECOND DEFENSE
### (No Injury or Damages)

3.    ZoomInfo denies that plaintiff and/or any purported class members have suffered any injury or damage whatsoever, and further denies it is liable to plaintiff and/or any purported class member for any injury or damage.

### THIRD DEFENSE
### (Failure to State a Claim Upon Which Relief Can be Granted)

4.    The Complaint and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against ZoomInfo.

### FOURTH DEFENSE
### (First Amendment)

5.    The claims made in the Complaint are barred in whole or in part by the First Amendment to the Contitution of the United States.  Directory previews are fully protected by the First Amendment of the U.S. Constitution.  The publication of publicly available business contact and related information is newsworthy, informational, educational, noncommercial speech that is entitled to full First Amendment protection, regardless of whether access to the directory is sold for profit.  Plaintiff's alleged theory of liability, if given effect, would suppress and censor speech protected by the First Amendment.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -14-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

**FIFTH DEFENSE**
**(Adequacy of Remedy at Law)**

6.    If plaintiff suffered any injuries or damages, those would be adequately compensated in an action at law for damages.  Accordingly, plaintiff has a complete and adequate remedy at law and is not entitled to seek injunctive or equitable relief.

**SIXTH DEFENSE**
**(Laches)**

7.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

**SEVENTH DEFENSE**
**(Waiver)**

8.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

**EIGHTH DEFENSE**
**(Estoppel)**

9.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

**NINTH DEFENSE**
**(Unclean Hands)**

10.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

**TENTH DEFENSE**
**(Statutes of Limitation)**

11.    The Complaint and all of the purported causes of action contained therein are barred in whole or in part by the applicable statutes of limitation.

**ELEVENTH DEFENSE**
**(Failure to Mitigate Damages)**

12.    Plaintiff and/or purported class members have failed to take reasonable, necessary, appropriate, and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiff and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

## TWELFTH DEFENSE
### (Waiver and Release)

13.     The Complaint and the purported causes of action alleged therein are barred to the extent plaintiff and/or purported class members have waived, released, relinquished, or abandoned any claim for relief against ZoomInfo with respect to the matters which are the subject of the Complaint.

## THIRTEENTH DEFENSE
### (Class Action Is Inappropriate)

14.     With respect to each and every allegation of the Complaint, as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

a)  Numerosity;

b)  Commonality or community of interest;

c)  Typicality;

d)  An ascertainable class;

e)  Adequate representation;

f)  Appropriateness of relief to the putative class as a whole;

g)  Predominance of common questions over questions affecting only individual class members;

h)  Substantial benefit to the litigants and the court; and

i)  Superiority of a class action over other available methods for fair and efficient adjudication.

## FOURTEENTH DEFENSE
### (ZoomInfo's Practices Are Not Deceptive)

15.     Any statements made by ZoomInfo were truthful and accurate and were not likely to mislead plaintiff, the purported class members, or the general public.

## FIFTEENTH DEFENSE
### (Preemption)

16.     Plaintiff' claims are barred in whole or in part by the doctrine of preemption.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES     -16-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

**SIXTEENTH DEFENSE**
**(Copyright Preemption)**

17.    Plaintiff' claims are preempted in whole or in part by the Copyright Act.

**SEVENTEENTH DEFENSE**
**(Consent)**

18.    The Complaint and the purported causes of action alleged therin are barred to the extent plaintiff and/or purported class members consented to have the information at issue publicly distributed.

**EIGHTEENTH DEFENSE**
**(Information At Issue Is Not Private)**

19.    The Complaint and the purported causes of action alleged therein are barred in whole or in part because the information at issue is not private and there has been no attempt to keep it private.

**NINETEENTH DEFENSE**
**(Unjust Enrichment)**

20.    The Complaint and each purported cause of action alleged therein is barred because any recovery from ZoomInfo would result in plaintiff's or a putative class member's unjust enrichment.

**TWENTIETH DEFENSE**
**(Ratification)**

21.    The alleged causes of action are barred in whole or in part because of ratification, agreement, assent, acquiescence or consent to ZoomInfo's alleged conduct.

**TWENTY-FIRST DEFENSE**
**(Communications Decency Act)**

22.    The Complaint and each purported cause of action alleged therein is barred in whole or in part by the Communications Decency Act.

**TWENTY-SECOND DEFENSE**
**(Indemnity)**

23.    If ZoomInfo is found in some manner responsible to plaintiff and/or the purported class for the matters alleged in the Complaint, any such injury, damage, or other costs were

Defendant's Answer and Affirmative Defenses    -17-
(3:21-cv-05725-MJP)

proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct ZoomInfo is not responsible. Thus, ZoomInfo requests a court declaration of its right to be indemnified and held harmless by those persons or entities.

**TWENTY-THIRD DEFENSE**
**(Lack of Proximate Causation)**

24.      To the extent plaintiff suffered any injury by reason of publication of her business contact information and other related oublic information, those injuries were not proximately caused by ZoomInfo. Plaintiff is thus barred from recovery from ZoomInfo, in that any damage proven to have been sustained by plaintiff and/or the purported class was caused by the intervening action or actions of plaintiff, the purported class, and/or other persons or parties that were a superseding cause of their damages and not due to any act or omission on the part of ZoomInfo.

**TWENTY-FOURTH DEFENSE**
**(Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)**

25.      ZoomInfo has not acted with malice, reckless indifference, or fraud toward plaintiff and putative class members and, therefore, cannot be liable for punitive damages.

**TWENTY-FIFTH DEFENSE**
**(Failure to Plead Facts Sufficient to Support Punitive Damages)**

26.      Plaintiff and putative class members are not entitled to receive punitive damages because plaintiff did not plead facts sufficient to support such an award.

**TWENTY-SIXTH DEFENSE**
**(Right of Publicity Statutory and Misappropriation Common Law Exemptions)**

27.      Plaintiff's and putative class members' Right of Publicity claim and Common Law Misappropriation claim fails because ZoomInfo's challenged conduct is exempted from liability under both the right of publicity statute and the common law because they are based on matters that are in the public interest or concern public affairs. *Montana v. San Jose Mercury News, Inc.*, 34 Cal. App. 4th 790, 793 (Cal. Ct. App. 1995), *as modified* (May 30, 1995) ("Like the common law cause of action, the statutory cause of action specifically exempts from liability the use of a name or likeness in connection with the reporting of a matter in the public interest."); Cal. Civ. Code § 3344(d) (no liability for "use of a name, voice, signature, photograph, or likeness in

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -18-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

connection with any news [or] public affairs[.]").

## TWENTY-SEVENTH DEFENSE
### (Economic Loss Doctrine)

28.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because of the economic loss doctrine.

## TWENTY-EIGHTH DEFENSE
### (Extraterritoriality)

29.     Plaintiff's claims are barred, in whole or in part, in that they would require California law to be applied extraterritorially

## TWENTY-NINTH DEFENSE
### (Incidental Use)

30.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because any use by ZoomInfo of the information at issue was incidental.

## THIRTIETH DEFENSE
### (Arbitration)

31.     Venue in this Court is improper to the extent plaintiff or the putative class members she purports to represent are bound to arbitrate their disputes with ZoomInfo.

ZoomInfo has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  ZoomInfo reserves the right to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, ZoomInfo prays for judgement as follows:

1.     That the Complaint be dismissed with prejudice and that plaintiff take nothing by it;

2.     That defendants be awarded their costs of suit, including reasonable attorneys' fees; and

3.     For such other relief as this Court deems just and proper.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -19-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000

DATED: May 2, 2022

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/ Alicia Cobb*

Alicia Cobb, WSBA #48685
1109 First Avenue, Suite 210
Seattle, Washington 98101
Phone (206) 905-7000
Fax (206) 905-7100
aliciacobb@quinnemanuel.com

Shon Morgan (*Pro Hac Vice*)
John W. Baumann (*Pro Hac Vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Phone (213) 443-3000
Fax (213) 443-3100
shonmorgan@quinnemanuel.com
jackbaumann@quinnemanuel.com

Cristina A. Henriquez (*Pro Hac Vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Phone (650) 801-5000
Fax (650) 801-5100
cristinahenriquez@quinnemanuel.com

*Attorneys for Defendant ZoomInfo Technologies Inc.*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES   -20-
(3:21-CV-05725-MJP)

# CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED this 2nd day of May, 2022.


/s/ Alicia Cobb
Alicia Cobb, WSBA #48685

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES    -21-
(3:21-CV-05725-MJP)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
(206) 905-7000